Eastern District of Kentucky
F I L E D
JUL 19 2006
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CIVIL ACTION NO. 05-530-GWU

JACKIE L. COX,            PLAINTIFF,

VS.        **MEMORANDUM OPINION**

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,        DEFENDANT.

## INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative denial of her application for Disability Insurance Benefits (DIB). The appeal is currently before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991); Crouch v. Secretary of Health and Human Services, 909 F.2d 852, 855 (6th Cir. 1990). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Crouch, 909 F.2d at 855.

1

Cox

The regulations outline a five-step analysis for evaluating disability claims. See 20 C.F.R. Section 404.1520.

Step four refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

2

Cox

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In

3

such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The administrative law judge (ALJ) found that Cox suffered from scoliosis in the mid-dorsal spine with compensatory scoliosis of the lumbar spine with mild degenerative changes, and a drooping right shoulder. (Tr. 18, 22). Nonetheless, the plaintiff was believed capable of engaging in a limited range of medium level work and, as such, could perform her past relevant work as a waitress/cashier as well as a significant number of alternative jobs in the national economy. (Id.). Thus, the claim for benefits was denied. (Tr. 23).

The ALJ incorporated by reference the physical residual functional capacity findings of a final agency decision on a prior benefit application. (Tr. 20). The physical capacity findings in the text of the ALJ's decision (Tr. 22) as well as that cited to the vocational expert at the administrative hearing (Tr. 210-211) were identical with the findings in an October, 2003 final agency decision (Tr. 40). Since

the only physicians[1] who expressed an opinion about Cox's physical function capacity during the period pertinent to the current application suggested no limitations (Tr. 148, 175), it was somewhat generous of the ALJ to reply upon the past residual physical functional capacity findings.

The ALJ also properly concluded that there were no "severe" mental health conditions. (Tr. 18-19). The physician's assistant (PAC) had mentioned diagnoses of insomnia and depression in one of his forms, but listed no specific limitations in that particular form and indicated that the response to Zoloft and Elavil had been "good." (Tr. 150). In another form, the PAC had noted that, due to her depression, the plaintiff avoided crowds. (Tr. 180). However, the progress notes from the PAC's clinic–notes co-signed by a physician–had mentioned, to the extent that anything was recorded about Cox's mental health, that the plaintiff was oriented and had a normal mood and affect. (Tr. 152, 154, 156, 178). Thus, the underlying progress notes do not support the existence of any specific functional limitations. Moreover,

---

[1]Exhibits B3 and B7 contain two forms completed by Kevin Davis, a physician's assistant (Tr. 150, 179); however, as the ALJ pointed out, he was not an acceptable medical source as per 20 C.F.R. Section 404.1513. Moreover, the progress notes done in the months prior to the time the assessment form was completed (and co-signed by a doctor at the clinic) indicated that the plaintiff was in no acute distress or had no acute complaints, and contained no objective abnormal findings regarding eh back or the extremities (Tr. 151-152, 153-154, 155-156, 177-178). Additionally, EMG/NCV testing of the upper extremities ordered by Davis was unremarkable in result. (Tr. 157-158). Finally, Davis expressly stated that the plaintiff's response to medication had been good. (Tr. 150).

Cox

an agency medical reviewer indicated that there were no "severe" mental restrictions. (Tr. 160).

For the reasons cited in the defendant's brief at pp. 10-12, the ALJ's assessment of the plaintiff's pain was proper also.

The decision will be affirmed.

This the ___19___ day of May, 2006.

G. WIX UNTHANK
SENIOR JUDGE

6